### Joe Williams v. The State.

No. 683. Decided June 15, 1910.

**Murder—Charge of Court—Homicide in Defense of Property.**

Upon trial of murder, the evidence showing that the defendant acted in defense of his property, there was no error on part of the court in submitting this theory of the case to the jury under article 677, Penal Code.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of mur-

der in the second degree, his punishment being assessed at twenty years confinement in the penitentiary.

The motion for new trial complains of the action of the court giving article 677 of the Penal Code in his charge to the jury and assigns several reasons why it was error. The charge embodied the principles of self-defense, as applied to the question of real and apparent danger or serious bodily injury to the life or person of appellant. The court in addition, as before stated, also charged with reference to article 677 of the Penal Code, which in substance is that homicide is justifiable in the protection of the person or property against any other unlawful or violent attack besides those mentioned in preceding article, and it further provides in such cases all other means must be resorted to for the prevention of injury and the killing must take place while the person killed is in the very act of making such unlawful act, etc. The evidence, we think, justifies the charge in this respect. The facts in a brief way suggest the issue of murder, manslaughter and self-defense under articles 675, 676 and 677. Without going into a statement of the evidence in regard to any other phase of the case, it substantially shows with reference to the charge complained of that the deceased, Jim Owens, and appellant had previous troubles about several things of minor importance and the feeling engendered was a little warm. On the morning of the homicide the deceased said that he would take a gun away from the defendant that morning. At least, the appellant supposed the remarks with reference to that matter were directed at him because he was the only man at the house who owned a gun. The appellant told him if he wanted the gun to go to the law and he would throw it at him. The gun was in appellant's room where he slept, sitting up behind the door and was loaded. The deceased did not say what he was going to do with the gun; he just said, "I will take that God-damned gun." There is a repetition of this conversation in the evidence of the appellant. Just prior to the shooting and almost immediately leading up to it, appellant says, after deceased used the remark, "I will take that God-damned gun," he told him he better go and get the law; that deceased hung his head and shook it and said, "Damn that, I am going to take that God-damned gun this morning," and kept coming toward appellant, having his axe in his hand. This was the axe that deceased had taken from the hands of Lee, another party who was present; Lee was on the opposite side of the grindstone, under a big postoak tree; deceased got within about seven feet of appellant but did not strike appellant. Appellant says that after he warned the deceased three times, deceased was still coming at him when he shot him and was about eight feet from him. There is other evidence along the same line from appellant indicating that deceased was coming at him with an axe in his hand and threatening to take the gun. We are of the

opinion this evidence is sufficiently strong to justify the court giving in charge the provisions of article 677. It has been held by this court that where the evidence has the least tendency to bring the case under the provisions of both articles 675 and 677, it is incumbent on the court to give in charge to the jury the law governing both such defenses, and they must be stated distinctly, and must not be blended together. Hill v. State, 10 Texas Crim. App., 618; Foster v. State, 11 Texas Crim. App., 105; Pierce v. State, 21 Texas Crim. App., 540; Warren v. State, 22 Texas Crim. App., 383; Ball v. State, 29 Texas Crim. App., 107. The two issues in regard to self-defense were presented by the facts—one for the purpose of killing or inflicting serious bodily injury upon appellant, and the other to take his gun from him. These were the defendant's theories made by his own testimony while on the stand as a witness. There was no error on the part of the court in giving this charge. This is practically the only question suggested for revision. Finding no error in the record, the judgment is affirmed.

*Affirmed.*